# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MERCEDES TORRES-MEDINA<br><br>**Plaintiff**<br><br>~ vs.~<br><br>DEPARTMENT OF THE ARMY; HONORABLE JOHN McHugh, Secretary of the Army; UNITED STATES OF AMERICA; MR. FERNANDO FERNÁNDEZ MIRANDA, in his Official and Personal capacity;<br>MR. MIGUEL A. ISAAC-HAUSSEN, in his Official and Personal capacity;<br>MR. JOSÉ A. RIVERA ACEVEDO, in his Official and Personal capacity;<br>MS. EMIBEL VIRELLA MELÉNDEZ, in her Official and Personal capacity;<br>XYZ Corporation;<br>John Doe;<br>Insurance Company ABC<br><br>**Defendants** | CIVIL NO. 14-1314 (JAG)<br><br>AMERICANS WITH DISABILITY ACT (ADA); TITLE VII OF THE CIVIL RIGHTS ACT; REHABILITATION ACT; RETALIATION; DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**HERE COMES,** Plaintiff, Mercedes Torres-Medina, by and through its undersigned counsel, hereby states, alleges and prays:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under 28 U.S.C. §1331, as it is an action arising under the Constitution, laws, or treaties of the United States. This Court has

1

supplemental and pendant jurisdiction over the claims arising under state law pursuant to 28 U.S.C. 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), (c) and (e), as the Defendants are subject to personal jurisdiction in this district and therefore deemed to reside here for purposes of venue.

## PARTIES

1. Plaintiff, **MERCEDES TORRES-MEDINA**, is a natural person, of legal age, divorced, professional, and resident of San Lorenzo, Puerto Rico. Her address is: 718 Almendra St., Urb. Bosque Llano, San Lorenzo, PR 00754. (Hereinafter the "Plaintiff").

2. Defendant, **DEPARTMENT OF THE ARMY**, is a U.S. Federal Government Agency, with its principal place of business at: 1400 Defense Pentagon, Washington, DC 20310-1400. (Hereinafter the "Department of the Army").

3. Defendant, **HONORABLE JOHN M. MCHUGH**, in his official capacity as Secretary of the Army, with its principal place of business at: 1400 Defense Pentagon, Washington, DC 20310-1400. (Hereinafter the "Secretary of the Army").

4. Defendant, **UNITED STATES OF AMERICA**, is hereby noticed of the complaint against its Agency, as required by Federal Rules of Civil Procedure, Rule 4(i), by serving the United States Attorney and the Attorney General of the United States at Washington, DC.

5. Defendant, **MR. FERNANDO FERNÁNDEZ MIRANDA**, as former 1st MSC Commanding General (who on his military career is currently assigned to the Army Reserve Control Group), and in his personal capacity. His address is: D-19 Ecuador

Street, Oasis Gardens, Guaynabo, PR 00969, and Telephone No. (787) 505-4294. (Hereinafter "Defendant Fernández").

6. Defendant, **MR. MIGUEL A. ISAAC-HAUSSEN**, as former 1st MSC Command Executive Officer, former 1st MSC Deputy Commander (who on his military career is currently assigned to the Army Reserve Retired Reserve), and in his personal capacity. His addresses are: K10 Torito St., Colinas Metropolitanas, Guaynabo, PR 00969 and/or Condo. Vieques, Apt. 101, 1122 Vieques St., San Juan, PR 00907-1852. (Hereinafter "Defendant Isaac").

7. Defendant, **MR. JOSÉ A. RIVERA ACEVEDO**, as 1st MSC Assistant Chief of Staff, former supervisor, and in his personal capacity. His addresses are: Headquarters, 1st Mission Support Command, Bldg 353, 2nd Floor, Command Group, Fort Buchanan, PR 00934; telephone (787) 707-4981; and Urb. Mansiones del Sur SD-23, Toa Baja, PR 00949; telephone (787) 420-7380. (Hereinafter "Defendant Rivera".)

8. Defendant, **MS. EMIBEL VIRELLA MELÉNDEZ**, as 1st MSC Human Resources Officer, former supervisor, and in her personal capacity. Her addresses are: Headquarters, 1st Mission Support Command, Bldg. 354, 1st Floor, Human Resources Office, Fort Buchanan, PR 00934; telephone (787) 707-4163; and Calle 4, E-52, Urb. Cibuco, Corozal, PR 00783; telephone (787) 316-0987. (Hereinafter "Defendant Virella".)

9. Defendants **XYZ CORPORATION, JOHN DOE, and INSURANCE COMPANY ABC** are natural or juridical persons whose identity is unknown at this moment, and who may have participated in the actions against the Plaintiffs. They also include any

insurance company which had issued and in force an insurance policy that covers the actions claimed in this action.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff, Ms. Mercedes Torres-Medina, has been working for the Department of the Army as a civilian, since 1990.

11. Plaintiff was employed as a Human Resources Specialist, GS-0201-09, with Defendant Department of the Army, U.S. Army Reserve (USAR), Headquarters, 1st Mission Support Command (MSC), Fort Buchanan, Puerto Rico.

12. According to her formal position description Plaintiff's duties are as follows: she assists with the military personnel programs, including monitoring and managing the military awards program. In addition, she provides advice and guidance on a variety of complex and sensitive matters (e.g., separation, retirement, resignation, elimination, reassignment, and branch transfer), as well as regulatory guidance on a wide variety of personnel actions (e.g., identification cards, DEERS, officer and warrant officer candidate applications, personal affairs). She also provides full personnel management services to soldiers and their families (e.g., accession, orientation, career guidance, pay, training, reenlistments, and retirements).

13. Since February 13, 2013, Plaintiff is working on a detail as a Special Project Officer working for the 1st MSC Operations and Training Directorate.

14. Plaintiff's EEO activity has been as follows: **(a)** EEO Complaint No. ARUSAR06SEP03604 filed in September 2006, which was at EEOC hearing in 2008; **(b)** EEO Complaint No. ARUSAR08MAY01869 filed on May 2008, requesting

reasonable accommodation; **(c)** NSA breach claim filed March 2, 2011, for EEO Complaint ARUSAR08MAY01869; **(d)** Discrimination complaint, DA Docket No. ARUSAR11FEB00689, filed on March 29, 2011; and **(e)** Discrimination complaint, DA Docket No. ARUSAR14JAN00213, filed on March 6, 2014.

15. In May 2008, Plaintiff filed a complaint with the USAR Equal Employment Opportunity Compliance Office (EEO), Agency Docket No ARUSAR08May01869, in which she requested reasonable accommodation for her medical conditions and physical/mental disabilities (asthma, CVA stroke, rheumatoid arthritis, depression, panic attacks). This complaint was resolved via negotiated settlement agreement (NSA) on August 18, 2008.

16. Plaintiffs' mobility problems were pronounced following her stroke in 2008. She limps a little bit when she walks and it takes her longer to move from one point to another. She does not have strength on the left side of her body. She lost sight in her left eye as a result of the stroke.

17. As a result of the rheumatoid arthritis, she has issues with fine manipulation and grabbing small objects. Her joints swell, and at time it is hard for her to get in and out of bed. As to major life activities, her movements and sleeping is affected. She is in pain with most activities normal people do, including standing, walking, and bending.

18. As to prognosis, she will never fully recover the strength in her left side following the stroke. She has reached maximum medical improvement. Her rheumatoid arthritis is affecting both arms and legs, and her spine.

19. Plaintiff also suffers depression and post-traumatic stress disorder. She was in a psychiatric hospital for two weeks in April 2011. She also experiences panic attacks. Her mental health conditions are controlled through therapy and medications. At times, she has trouble concentrating or interacting with people, especially when she is under stress. Plaintiff is currently receiving treatment with a psychologist and a psychiatrist to manage her mental and emotional conditions.

20. Plaintiff was the only employee performing the Retirement Services Officer duties for USAR retirees in the 1st MSC, she had access to the personnel systems needed to assist the retirees, retired soldiers and their family members. Plaintiff has received mostly "Exceptional" performance evaluations.

21. Plaintiff was the only employee performing human resources duties for USAR retirees in the 1st MSC, with access to the personnel systems needed to assist the soldiers. Plaintiff has received mostly "Exceptional" performance reviews.

22. Since 2004, the USAR has undergone transformation; the Plaintiff's position was eliminated in 2007, and the duties she performed were transferred to the 81st Regional Support Command (RSC) at Fort Jackson, South Carolina. Since that time, Plaintiff has worked in the Human Resources Office, the Family Programs Office and the Operations and Training Directorate.

23. Plaintiff did not receive a formal letter of notification regarding her employment status and the options she had, even though she asked for it on numerous occasions.

24. On February 1, 2011, Defendant Miguel A. Isaac-Haussen, Deputy Commander, sent Plaintiff an e-mail ordering her to cease communications with individuals outside

the 1st Mission Support Command, regarding retirement services in Puerto Rico, and that she did not have the authority to speak on behalf of the Command.

25. On February 10, 2011, Plaintiff contacted Chief Warrant (CW4) Darrell Peak, HR Technician, 81st RSE. She followed-up the telephone call with an email providing information to support a retirement services employee in PR. CW4 Darrell Peak responded that there were preliminary discussions on-going with regards to providing retirement services to reservists in PR.

26. On February 17, 2011, during a meeting, Defendant Isaac notified Plaintiff of his plan to relocate her to another office, which did not provide the reasonable accommodations nor the tools needed to perform all duties and tasks assigned to her. Plaintiff expressed to Defendant Isaac her concerns that her new office did not meet her medical need as detailed in the EEO agreement. Defendant Isaac responded that they would comply with the EEO agreement and they would discuss it in detail on February 22, 2011.

27. On February 19, 2011, Plaintiff drafted and sent a memorandum to Defendant Isaac addressing her concerns about the potential detail and move to a new office, based on her medical needs. She also questioned Defendant Isaac whether or not a USAR retirement services position with the 81st RSC was possible.

28. On February 22, 2011, Plaintiff met with Defendant Isaac concerning a 120 day detail. According to a Set of Duties, Plaintiff was to perform retirement services and other military personnel work, with no change in rater. Plaintiff tried to discuss with Defendant Isaac the fact that Building 152 did not have the work space she needed for

her special equipment, but he would not listen to her and did not address any of her concerns. Subsequently, Plaintiff became very anxious and upset for fear of losing her job.

29. During the aforementioned meeting, Plaintiff became so upset that an ambulance had to be called for medical assistance. Plaintiff had to be transported to the hospital with chest pain and respiratory distress.

30. Plaintiff sent an e-mail to Defendant Isaac that same evening, notifying him of her medical conditions and informing him she would return to work on Thursday. She restated that there was no valid reason to move her from her office to Building 152. She forwarded a copy of this e-mail to Defendant Commander, 1st MSC Brigadier General Fernando Fernández, but he ignored it and did not act about the issues presented to him.

31. On February 23, 2011, Defendant Isaac e-mailed Plaintiff notifying her that the detail would not be executed.

32. On February 24, 2011, Defendant Isaac informed her that her new duties were to be provided by Defendant Ms. Emibel Virella, GS-09 Human Resources Specialist, and Ms. Norma E. Rivera, Human Resources Specialist, GS-0201-11, USAR Lieutenant Colonel (LTC). Plaintiff pointed out to Defendant Isaac that Defendant Virella was not a supervisor, and that Ms. Norma E. Rivera was on detail at Fort Buchanan from Ceiba.

33. Between April of 2008 and April of 2011, Defendant Virella created/drafted a letter addressed to the 65th RRC Commanding General, Internal Review, and the

Inspector General. In such communication, Defendant Virella requests an investigation against Plaintiff for her behavior as an employee and as a civilian.

34. In such communication, Defendant Virella's intent was to slander and smear Plaintiff's reputation at her workplace.

35. On March 2, 5 and 7, 2011 Plaintiff requested an official and written notification with regards to her new chain of supervision.

36. On March 4, 2011, Plaintiff met with Captain (CPT) Domingo Cartagena, Human Resources Officer, and her newly assigned first level supervisor, to discuss her reassignment. Plaintiff did not receive training or guidance on the new assignments.

37. On March 17, 2011, she learned from the EEO counselor's report that Defendant Isaac made comments about Plaintiff's disability and career, which she considers discriminatory and incorrect.

38. Defendant Isaac accused Plaintiff of "basically faking injury or medical conditions" on a memorandum dated November 30, 2011, addressed to Department of the Army, CPAC, Fort McCoy.

39. On April 18, 2012, Defendant Rivera visited Plaintiff at her office to personally deliver a message from Defendant Isaac. A training requested by Plaintiff was not approved with no valid reason. Once again, Plaintiff was not allowed to talk. The stress caused Plaintiff to be rushed to the Emergency Room. She was admitted to the hospital with chest pain and an irregular EKG. While hospitalized, Plaintiff was taken to the operating room and a catheterism was performed on her.

40. All of the aforementioned allegations were presented in an USAR Equal Employment Opportunity Office Complaint, dated March 29, 2011, DA Docket Number ARUSAR11FEB00689; EEOC Case Number 510-2012-00071X. Plaintiff filed a voluntary dismissal, and a Final Agency Decision (FAD) was issued on January 7, 2014, (received on January 17, 2014), authorizing Plaintiff to file the present lawsuit in the appropriate U.S. District Court.

41. From February 2013 until December 31, 2013, Defendant LTC José A. Rivera was Plaintiff's supervisor. As soon as Defendant Rivera became Plaintiff's supervisor, the first thing they discussed was that Plaintiff had a complaint filed with the USAR EEO Office.

42. Once Defendant Rivera found out about her EEO complaint, there was an instant change in his demeanor towards Plaintiff; he was aggressive, always acting on the defensive, used a loud tone of voice, and always brought someone with him as a witness when he would speak to her.

43. Defendant Rivera's knowledge of Plaintiff's EEO complaint prompted a 15-6 investigation on her. Defendant Rivera initiated this investigation against Plaintiff.

44. CPT María N. Marrero was appointed as the 15-6 investigator on March 20, 2013, and Defendant Fernández, who was a friend of Defendant Rivera, was the one who appointed Ms. Marrero as the investigator.

45. On March 27, 2013, Plaintiff received an e-mail from Defendant Rivera indicating that CPT María Marrero was going to visit complainant's office that same day at 9:30 a.m. for an investigation interview.

46. Plaintiff was never informed, before that morning of March 27, 2013, of any issues with her performance and/or conduct before the 15-6 investigation was started; nor did management work with her on fixing any issues they may have had with her. Plaintiff never received any counseling of wrong doing or was ever notified there was an issue with her behavior or that she was not performing her duties correctly.

47. Plaintiff's performance and appraisals have been excellent, and has never been placed on a Performance Improvement Plan (PIP).

48. Plaintiff was not given ample time to contact her lawyer to be present during the interview of March 27, 2011, considering the severity of the allegations, and the pending EEO Complaint.

49. The attitude and acts of Defendant Rivera shows retaliation for the EEO complaint still pending at that time.

50. On January 9, 2014, Plaintiff was informed of the results of the 15-6 investigation, when she received a Notice of Proposed Suspension from COL Cosme Torres Sabater.

51. Because of the meeting of January 9, 2014, Plaintiff was again rushed to an emergency room; she suffered another cerebrovascular accident (CVA) because of the sudden high blood pressure of 230/120. Plaintiff is still undergoing treatment.

52. Nobody else in Plaintiff's workplace has been subjected to this type of treatment or retaliation.

53. Defendants United States of America, Department of the Army and its Secretary, Honorable John McHugh, had knowledge of the aforementioned acts of discrimination

and hostile environment their officers and personnel created towards Plaintiff. These Defendants did not act to prevent nor stop these acts towards Plaintiff.

54. Defendants submitted Plaintiff to intentional infliction of emotional stress.

55. Plaintiff has been subjected to discrimination for her disabilities.

**COUNT ONE**

**Americans with Disabilities Act, 42 U.S.C. §12101-et seq.**

56. Plaintiff repeats and re-alleges paragraphs 1-57 as though fully set forth herein.

57. Defendants, with knowledge of Plaintiff's EEO Office complaints and knowledge of her physical, mental and emotional disabilities, incurred in acts which constitute discrimination and retaliation against Plaintiff. Defendants intentionally inflicted Plaintiff with emotional distress.

58. Defendants' acts of discrimination are a violation of Americans with Disabilities Act, 42 USC §12101-et seq, and hence should compensate Plaintiff for an amount of no less than $500,000.00.

**COUNT TWO**

**Title VII of the Civil Rights Act, 42 USC §2000e-2-et seq.**

59. Plaintiff repeats and re-alleges paragraphs 1-57 as though fully set forth herein.

60. Title VII forbids employer retaliation against employees for making a charge, testifying, assisting, or participating in a Title VII investigation, proceeding, or hearing.

61. Defendants incurred in acts which constitute retaliation against Plaintiff, and are a violation of Title VII of the Civil Rights Act. Defendants created a hostile work environment for Plaintiff.

62. Defendants should compensate Plaintiff in an amount of no less than $500,000.00.

## COUNT THREE

### Rehabilitation Act, 29 USC §701- et seq.

63. Plaintiff repeats and re-alleges paragraphs 1-57 as though fully set forth herein.

64. The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by federal agencies, in programs receiving federal financial assistance, in federal employment, and in the employment practices of federal contractors.

65. Defendants incurred in acts of discrimination on the basis of disability and constitute a violation of the Rehabilitation Act, 29 USC §701-et seq. Defendants should compensate Plaintiff in an amount of no less than $500,000.00.

## COUNT FOUR

### Damages, Art. 1802 and 1803 of the Civil Code of PR, 31 LPRA §5141

66. Plaintiff repeats and re-alleges paragraphs 1-57 as though fully set forth herein.

67. Defendants created a hostile environment for Plaintiff at her workplace, which caused her to suffer physical and mental anguish and pain, suffering, and loss of enjoyment of life.

68. Defendants' acts are a violation of Articles 1802 and 1803 of the Civil Code of PR, 31 LPRA §5141 and should compensate Plaintiff for damages in an amount of no less than $500,000.00.

69. Plaintiff exhausted the administrative remedies by requiring the Equal Employment Opportunity Commission to take action in this matter through an complaint on March 6,

2014, amended on July 7, 2014.

70. A final decision was issued denying Plaintiff's complaint on May 4, 2015.

**PETITION FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. That this Honorable Court declare the actions of Defendants herein to be in violation of ADA, Title VII, and Rehabilitation Act.

B. That Plaintiff be awarded for Damages from Defendants in an amount to be determined at trial, but that is estimated not to be less than $500,000.00;

C. That this Honorable Court grants Plaintiff all the monetary compensations in the complaint including punitive damages, in an amount no less than $2,000,000.00;

D. That Defendants be ordered to pay to Plaintiffs the costs of this action along with reasonable attorney fees;

E. That a jury tries all issues of fact.

F. That Plaintiff be granted such further relief as the Court deems just.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 10, 2015.

*NOGUERAS LAW & ASSOCIATES*
P. O. Box 195386, San Juan, PR 00919-5386
Tel. 787-296-1958; Fax 787-772-4605



*S/Nicolás Nogueras-Cartagena*
USDC-PR Bar No. 109712
nnogueras@nogueraslaw.com